## Commonwealth v. Reed

*Marcia Ziki, assistant district attorney,* for the Commonwealth.

*Barry L. Smith,* for defendant.

WOLFE, *J.,* July 6, 1994—We have been served by the Commonwealth with its notice of appeal from our order entered May 20, 1994, granting defendant's motion in limine prohibiting two of the witnesses for the Commonwealth, Harold Kiser and Valjean McKraken, from testifying.

The defendant has been charged with two counts of arson endangering persons, one count of arson endangering property, and one count of theft by failure to make required disposition. On March 8, 1994, we granted defendant's motion, after argument, for severance of the charge of failure to make required disposition from the arson charges. On March 18, 1994, the Commonwealth filed a motion for reconsideration of the severance order alleging the defendant has not shown prejudice to her that subjecting her to trial on all counts would show she has a propensity to commit crimes or the jury would be incapable of separating

the evidence on the respective counts. This motion for reconsideration was denied. Thereafter, the Commonwealth, being persistent, named as its witnesses to the charge of theft by failure to make required disposition the aforesaid Kiser and McKraken. The defendant therefore filed her motion in limine to prohibit the two witnesses from testifying on the arson trial as they had no relevant testimony thereto and their proffered testimony for the Commonwealth would be that the defendant, as the treasurer of the Warren County Trap League, failed to make required payment or disposition of $2,500 but rather applied it to her personal use. It is therefore defendant's argument that the Commonwealth, by means of this circumvention of the order of severance, will place the testimony before the jury concerning the conduct of the defendant on the theft charge and therefore use that evidence as the springboard for the motive of defendant in the conflagration of her home to destroy the records of the league.

Although the Commonwealth agrees it need not prove a "motive" in an arson charge; nonetheless, the Commonwealth argues "the order effectively terminates or substantially handicaps prosecution of the matter," (arson).

In *Commonwealth v. Colon*, 264 Pa. Super. 314, 399 A.2d 1068 (1979), the court elucidated the general rule of the prohibition of testimony which a jury may infer past criminal conduct for the purpose of prejudicing the defendant and enabling the Commonwealth to obtain a verdict which it may not reasonably be able to obtain without the prejudicial testimony.

"In general, admission of testimony which details, or from which the jury may reasonably infer, past criminal conduct on the part of a defendant constitutes reversible error.... The purpose of this rule is to prevent

the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he was being tried." *Id.* at 351, 399 A.2d at 1074. (citations omitted)

So, too, in *Commonwealth v. Lark,* 518 Pa. 290, 543 A.2d 491 (1988), wherein the defendant was charged with murder, kidnapping and terroristic threats, the court found no prejudice in trying the defendant cumulatively. The court addressed Pa.R.Crim.P. 219, Joinder of Offenses and Defendants in Indictments:

"(a) Two or more offenses, of any grade, may be charged in the same indictment if

"(1) the evidence of each of the offenses would be admissible in a separate trial from the other and is capable of separation by the jury so that there is no danger of confusion, or

"(2) the offenses charged were based on the same act or transaction."

The court discussed the "special circumstances" where evidence of other crimes may be relevant and admissible if the evidence forms a chain or sequence of events and therefore becomes part of the history of the case. The court makes reference to these special circumstances as sometimes referred to as the "res gestae" exceptions to the general proscription against evidence of other crimes, or also known as the "complete story" rationale. The court had no difficulty in concluding the three charges against the defendant, considering the evidence of each, would have been admissible in a separate trial for the other.

"Each of these offenses were interwoven in a tangled web of threats, intimidation and criminal activity which

arose from the robbery in 1978 of Tae Bong Cho, and were relevant to prove motive, intent, identity (such a logical connection between the crimes [The] proof of one naturally tends to show that the accused committed the other), and to 'complete the story' by demonstrating the history and natural development of the facts." *Lark, supra* at 304, 543 A.2d at 497-98.

Instantly, it is the Commonwealth's theory defendant, as an unfaithful keeper of the league's funds, committed arson to her home to destroy the records so no evidence would be available on the theft charge. This theory is somewhat curious in that the accused would determine arson of her home was the only means of destroying evidence of her conduct of theft. Nonetheless, we find no special circumstances between the charge of arson and the charge of theft by failure to make disposition to show the "complete story" rationale, to-wit, the evidence of other criminal acts is admissible to complete the story of the crime on trial. Neither can we conclude that the evidence of each of the offenses of arson and theft would have been admissible in a separate trial for the other. Theft does not carry any element of arson, nor arson of theft. In an arson charge the Commonwealth must establish the corpus delicti of arson; *i.e.,* that a fire occurred, that it was of an incendiary origin, and the defendant started the fire. Defendant has no objection to the Commonwealth's theory defendant set the fire to collect the insurance on the dwelling; this, of course, would be a "res gestae" or complete story related to a charge of arson. Instantly, however, and as stated in *Commonwealth v. Lark, supra,* the "prejudice" is not simply prejudice in the sense defendant would be linked to the crime of arson, but rather that type of prejudice which would

occur if the evidence of theft proffered by the Commonwealth would tend to convict the defendant of the crime of arson.

We therefore conclude the evidence of arson and theft would not be admissible in a separate trial under these circumstances, and the admission of the testimony of the two witnesses would have only the sole purpose of prejudicing the defendant.

We therefore enter the following order:

## ORDER

And now, to-wit, July 6, 1994, the motion of the defendant in limine to prohibit the testimony of Harold Kiser and Valjean McKraken on the issue of the charge of theft by failure to make required disposition is granted.